IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No: 19 CR 03113 JB

MARCOS RUIZ, et al.,

    Defendants.

## DEFENDANT MARCOS RUIZ'S MOTION FOR SEVERANCE

COMES NOW the Defendant Marcos Ruiz, by and through his attorney of record, Michael Alarid, Jr. and for his motion for severance of the Defendant Marcos Ruiz from the trial of all other defendants states the following:

The Defendant Marcos Ruiz, (hereinafter "Defendant") is charged in Counts 1 and 13 in the Indictment (Doc. 2) filed in the above entitled and numbered cause. Count 1 alleges that the Defendant was involved in a conspiracy to distribute controlled substances, contrary to 21 U.S.C. §846. The Defendant is alleged to be responsible for distribution of 28 grams and more of cocaine. Count 13 alleges that the Defendant unlawfully, knowingly and intentionally possessed with intent to distribute a mixture and substance containing cocaine, violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Others charged in the indictment are alleged to have conspired to distribute heroin and methamphetamine, however the Defendant is not alleged to have conspired to distribute anything other than cocaine. There are 12 defendants charged in such indictment, each charged with conspiracy to distribute various illegal substances, in varying amounts.

## POTENTIAL EVIDENCE AGAINST DEFENDANT RUIZ

The Government has produced a recording and transcript of an alleged telephone conversation between the Defendant Robert Padilla and the Defendant Marcos Ruiz. The word "cocaine" is not used

1

in such conversation, nor has the Government alleged that any other words that may represent the word "cocaine" are used. A photograph allegedly sent via text to the Defendant from the Defendant Robert Padilla has also been produced by the Government. Such photograph bears a label that states "Photograph of 55.7 grams of crack cocaine made by PADILLA and sent, via electronic communication to Mark on March 15, 2019." No evidence has been produced by the Government regarding the 28 grams alleged to be attributable to the Defendant in Count 1. No evidence other than the speculation of governmental agents, has been produced by the Government showing that the Defendant possessed cocaine with the intent to distribute it, as alleged in Count 13. The Government has produced its application for a search and seizure warrant, filed in Cause No. 19-MR-1140, and unsealed in that case and the instant cause. Within such application are the transcript of the alleged telephone conversation as referenced, *supra*. Such conversation is alleged to have occurred at 9:34 p.m. on March 15, 2019. Another conversation between the Defendant Padilla and a person named Jones is alleged to have occurred at 9:30 p.m. on that same date. The DEA Agent who executed such application states that the Padilla/Ruiz conversation occurred first and the Padilla/Jones conversation occurred later, stating that since the Defendant Ruiz is related to the Defendant Padilla, the person who is referred to as a "cousin" must be the Defendant Ruiz. This is incorrect as the Padilla/Jones conversation actually occurred first, and the Defendant Padilla could not have been aware of his discussion regarding a "cousin" until his later telephone conversation with the Defendant Ruiz.

The Defendant was arrested and charged with the murder of a person who entered his home. This is alleged to have occurred in Las Vegas, New Mexico on August 3, 2019. The Defendant was taken into custody pursuant to an arrest warrant issued on August 26, 2019, in a State of New Mexico case bearing cause number M-48-FR-2019-237, and was subsequently charged with First Degree Murder, Attempt to Commit a Felony, Aggravated Battery and Receipt, Transportation or Possession of a Firearm or Destructive Device by Certain Persons in a State of New Mexico case bearing cause

number D-412-CR-2019-00207. Since the date of the filing of such charges, nothing other than arraignment, substitution of counsel, an order requiring confidential telephone communications and a request for a status hearing filed by Counsel for Defendant has occurred.  Discovery produced by the State of New Mexico in that case indicates no illegal substances were found at the Defendant's home, which was the scene of the death.

POTENTIAL EVIDENCE AGAINST OTHER DEFENDANTS

An overwhelming amount of potential evidence regarding the distribution of pounds of heroin and methamphetamine, in addition to cocaine has been disclosed by the Government.  There are phone tap recordings and transcripts, photographs from a surveillance system, and other photographs.  None of these would be admissible in a trial against the Defendant, as no evidence has been disclosed by the Government showing possession or distribution of cocaine by the Defendant.  The only evidence of the alleged conspiracy appears to be the interpretation of the DEA Agent of the telephone conversations between Padilla and Jones and Padilla and the Defendant.

STANDARD FOR SEVERANCE

"With respect to a district court's application of rule 14 in practice, particularly in the context of multi-count and multi-defendant RICO, VICAR, or conspiracy indictments, one district court has explained: Most often, severance of defendants will be required to protect the rights of defendants against undue prejudice resulting from joinder. In other situations, severance may be required, or at least the argument for severance will be bolstered, by the physical limitations of the courthouse and the logistical difficulties of attempting to conduct a complex multi-defendant trial.  United States v. Gray, 173 F. Supp. 2d 1, 173 F. Supp. 2d 1, 7-8 (D.D.C. 2001)(Lamberth, J.). Another district court addressed the possibility of prejudicial joinder of the defendants deriving from the number of defendants and the number of counts, the complexity of the indictment, estimated length of the trial, disparities in the amount or type of proof offered against the defendants, disparities in the degrees of involvement by

defendants in the overall scheme, possible conflict between various defense theories or trial strategies; and, especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant. United States v. Gallo, 668 F. Supp. 736, 749 (E.D.N.Y. 1987) (Weinstein, C.J.). The United States v. Gray court explained that, in United States v. Gallo:

After weighing the potential prejudice against defendants, the court decided that the dispositive factor counseling severance was judicial efficiency. [United States v. Gallo, 668 F. Supp.] at 753 ("[T]he prejudices to the defendants are not clearly dispositive . . ., we might be reluctant to grant such severances on Rule 14 alone.

. . . [W]e question the traditional assumption that denial of severance . . . promotes efficiency."). United States v. Gray, 173 F. Supp 2d at 8-9 (alterations in original). Indeed, the United States v. Gray court stated that "[m]any of the factors that counseled against complete joinder of defendants [in United States v. Gallo] are also persuasive in the instant case," and so it concluded that despite the general presumption favoring joinder, some form of severance is necessary because of the physical limitations of the courtroom and hardship on the jurors, the defendants, and the Court. Severance, however, should be of the most limited form necessary to satisfy those interests, because the Court finds that joinder of defendants, to the extent possible, will preserve judicial resources and permit the jury to have as complete a view of the evidence as possible.

United States v. Gray, 173 F. Supp. at 10. Accordingly, the United States v. Gray court severed a "158-count [Indictment]" charging "seventeen defendants" into two trial groupings based on logistical concerns alone. United States v. Gray, 173 F. Supp. at 1, 10. The United States v. Gray court also considered that [s]everal defendants have moved for complete severance or other joint trial configurations based on Rule 14 concerns of prejudice against defendants. In order to prevail upon a claim for severance, [those] defendant[s] must show that joinder would violate that defendant's constitutional fair trial rights, or would "prevent the jury from making a reliable judgment about guilt

or innocence."Zafiro v. United States, 506 U.S. [at] 539. United States v. Gray, 173 F. Supp. at 10. Although the United States v. Gray court had already severed the indictment in that case into two trial groupings to alleviate the risk of prejudice to the defendants by logistical inefficiency and impracticality, the court was still open to further requests for severance of individual defendants upon a specific showing that joinder in either of the trial groupings still ran afoul of Zafiro v. United States and rule 14. See United States v. Gray, 173 F. Supp. at 10. The rule 14 inquiry regarding the propriety of joinder is ongoing, and as the United States v. Gray court concluded in severing that case's indictment into two trial groupings, its chosen "arrangement of the defendants appears to be, at least on the information now available, the most efficacious in preserving judicial resources, preventing duplicitous testimony and evidence, and reaching an expeditious resolution for all defendants."United States v. Gray, 173 F. Supp. At 18." United States v. Deleon, et al., No. CR 15-4268 JB United States District Court, D. New Mexico Memorandum Opinion, January 21, 2020.

ARGUMENT

As set forth *supra*., the Government has not produced evidence that the photograph allegedly transmitted by the Defendant Padilla was cocaine, and has also produced no evidence that the Defendant Ruiz possessed or distributed any of the cocaine that has been deemed by the Government to be "attributable" to him. The only link between the Defendant and the alleged conspiracy to distribute cocaine appears to be the DEA Agent's interpretation of the two telephone conversations between Padilla and Jones and Padilla and the Defendant. As set forth *supra* such interpretation is incorrect, as it is disproved by the time stamps of the recorded calls. The DEA Agent's own sworn testimony regarding this issue is contradictory.

This case involves a 19 Count Indictment, charging 12 Defendants, each concerning varying amounts of cocaine, methamphetamine and heroin. Some of these amounts are more than ten times what is alleged to be attributable to the Defendant with respect to the cocaine. The amounts of

methamphetamine and heroin are particularly large and would not be admissible against the Defendant if he were not joined with the other Defendants. Although, this type of prejudice is not considered presumptively prejudicial, at least one district court has addressed the possibility of prejudicial joinder of the defendants deriving from the number of defendants and the number of counts, the complexity of the indictment, estimated length of the trial, disparities in the amount or type of proof offered against the defendants, disparities in the degrees of involvement by defendants in the overall scheme, possible conflict between various defense theories or trial strategies; and, especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant. United States v. Gallo, 668 F. Supp. 736, 749 (E.D.N.Y. 1987)(Weinstein, C.J.). These are the problems presented by the joinder of the defendants in the instant cause. As in United States v. Gray, 173 F. Supp 2d at 8-9, this case should cause this Court to question the traditional assumption that denial of severance promotes efficiency. A 19 Count Indictment against 12 defendants, all with different charges, alleged amounts of different substances, and different alleged behaviors and interpretation by Government witnesses of the meaning of such alleged behaviors with respect to the alleged conspiracy cannot be anything other than extremely confusing, if not utterly baffling, for the jury.

     As set forth herein, the Defendant has been charged with murder in a State of New Mexico case, that was originally thought to be connected to the instant cause. It is anticipated that the Government will attempt to introduce evidence regarding this case against the Defendant at trial, despite the fact that no illegal substances were found at the Defendant's home, which was the scene of the death. Such evidence will undoubtedly prejudice the other Defendants, who are not alleged to have anything to do with the death, and are not charged with murder, and cause confusion for the jury.

## CONCLUSION

Evaluation of the judicial efficiency of a motion to sever is the critical inquiry, as set forth *supra*. In this case, it would cause nothing but confusion to have the jury hear the extremely disparate evidence and try to keep those pieces of evidence properly separated with respect to each defendant. Such a procedure does not promote judicial efficiency and is also unduly prejudicial to Mr. Ruiz, considering his tenuous, at best, connection to the alleged conspiracy. For such reasons, the Defendant Marcos Ruiz respectfully requests that his trial in the above entitled and numbered cause be severed from that of the other defendants, so that his case can be fairly considered by a jury.

Respectfully submitted,

THE ALARID LAW FIRM, P.C.

 /s/ Michael Alarid, Jr.
Michael Alarid, Jr.
Attorney for Defendant Marcos Ruiz
300 Central SW Suite 2500 West
Albuquerque, NM 87102
505-242-6255
alaridmichael@yahoo.com

I HEREBY CERTIFY that a true
and correct copy of the foregoing
was filed through the Court's CM/ECF
filing system this 30th day of January, 2020,
and was therefore distributed to all counsel of
record.
 /s/ Michael Alarid, Jr.
Michael Alarid, Jr.